UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. |
| | § | |
| $143,720.00 in U.S. Currency, | § | |
| Defendant | § | |

**COMPLAINT FOR FORFEITURE IN REM**

The United States of America files this action for forfeiture and alleges upon information and belief:

Nature of the Action

1.      This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

Defendant Property

2.      The Defendant is $143,720.00 in United States currency (the "Defendant Property").

3.      On or about July 27, 2018, law enforcement officers seized the Defendant Property from Nathaniel Andrew Joseph in Houston, Texas.  The Defendant Property is in the custody of the Treasury Executive Office for Asset Forfeiture.

4.      On or about July 12, 2019, Nathaniel Andrew Joseph submitted a claim to the U.S. Customs & Border Protection (hereinafter "CBP") contesting administrative forfeiture of the Defendant Property.

Jurisdiction and Venue

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and

1355.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b),

and 1395.

Statutory Basis for Forfeiture

7.      The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6),

which provides for the forfeiture of all moneys furnished or intended to be furnished by

any person in exchange for a controlled substance or listed chemical in violation of the

Controlled Substances Act (21 U.S.C. § 801, *et. seq*.), all proceeds traceable to such an

exchange, and all money used or intended to be used to facilitate any violation of the

Controlled Substances Act.

Facts

8.      On or about July 27, 2018, Nathaniel Andrew Joseph (hereinafter "Joseph")

was stopped by Harris County Sheriff's deputy J.I. Gonzalez (hereinafter "Deputy

Gonzalez") near Interstate 10, the Federal Road exit and 610 Loop, while driving a gray

colored, 2011 Chevrolet Silverado pickup truck.  Deputy Gonzalez pulled the vehicle over

because the vehicle had an obscured front license plate. The license plate was partially

obscured due to a large after-market heavy-duty bumper.  As Joseph pulled over to stop,

Deputy Gonzalez saw a person in the front passenger seat making furtive movements

toward the back seat and lower floorboard area.  Deputy Gonzalez approached Joseph's

vehicle with caution and asked Joseph for his driver's license and proof of insurance.

2

Joseph told Deputy Gonzalez that he did not have a driver's license but provided an identification card and proof of insurance.  Deputy Gonzalez ran Joseph's name in a law enforcement database to check for any outstanding warrants and learned that Joseph had an open arrest warrant out of the Seabrook Police Department.

9.     Deputy Gonzalez asked Joseph why the passenger, identified as Renwick Humphry Jr. (hereinafter "Humphry") was so nervous.  Joseph said that sometimes police officers get aggressive when they do not see people's hands, and mimicked a pistol with his own hands as he explained Humphry's nervousness.  Deputy Gonzalez asked Joseph if there was anything inside the vehicle such as weapons.  Joseph said there was a gun inside his truck.  Given the danger posed to the deputies, and furtive movements made by Humphry, Deputy Gonzalez handcuffed Joseph.  Deputy C. Sweeney (hereinafter "Deputy Sweeney"), who arrived to help Deputy Gonzalez, handcuffed Humphry and placed him in his cruiser.

10.     The deputies searched Joseph's truck and Deputy Sweeney found a Smith and Wesson, .40-caliber handgun, and three loaded magazines inside the glove compartment.  Deputy Sweeney also found two large black duffel bags lying in the back seat that contained large amount of U.S. currency in various denominations.  Due to the fact that Joseph did not have a valid driver's license coupled with the firearms and currency found in the vehicle, the deputies transported Joseph and Humphry to the Wallisville Police substation for further questioning.

11.     While at the substation, deputies turned the investigation over to federal investigators, Homeland Security Investigations (HSI), Special Agent Terry Boucher

3

(hereinafter "SA Boucher") and Task Force Officer Pena (hereinafter "TFO Pena") to interview Joseph. Before asking any questions, SA Boucher advised Joseph of his Miranda warning. Joseph said he understood his rights and elected to answer their questions. Joseph told the investigators that he received the currency from a friend who wanted to buy a Maserati. He said he picked up the money from his friend in the Fifth Ward in Houston, Texas, and was on his way to an auto auction to buy vehicles. Joseph admitted that he did not have a job and had never paid taxes. Nevertheless, he claimed that $24,000.00 of the amount seized was his, but he did not explain how he came by that money. Joseph told the investigators that Humphry possessed an auto auction card that enabled him to buy automobiles at the auction.

12.     SA Boucher and TFO Pena then interviewed Humphry after talking to Joseph. The officers noticed that Humphry was crying when they approached him in the holding cell. When asked why he was crying, Humphry said that he was afraid of the people who owned the money seized by the officers. Humphry refused to tell SA Boucher and TFO Pena who the currency belonged to, insisting it was not his and that he could not talk about it. Humphry explained that he was afraid for his life. He further said that he did not have any type of identification or a card to enable him to buy vehicles at the auction.

13.     After finishing interviewing Humphry, SA Boucher and TFO Pena re-interviewed Joseph. During the second interview, the officers asked him how he was going to purchase vehicles from an auto auction without credentials to get into the auction. They asked Joseph if the auto auction would accept large amounts of currency given currency-

reporting requirements.  In reply, Joseph said he did not want to go to jail and said he did not know what more to say.

14.    While at the substation, SA Boucher asked Deputy Gonzalez to run a dog sniff on the two large black duffle bags taken from Joseph's vehicle.  Deputy Gonzalez hid the currency in a cleared area in a location unknown to his narcotics canine "Jack".  The canine alerted to the currency inside the bags.  The canine is a certified Narcotics Canine with the N.N.D.D.A. (National Narcotics Detector Dog Association Inc.). The canine is trained to sniff odors including marijuana, heroin, methamphetamine and MMDA.

15.    The Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used to facilitate a violation of the Controlled Substances Act,  21 U.S.C. § 801, et seq.

<u>NOTICE TO ANY POTENTIAL CLAIMANT</u>

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirement set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent.

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be

served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

<u>Requested Relief</u>

Wherefore, the United States of America prays that judgment of forfeiture be entered against the $143,720.00 in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:     s/Abe Martinez
        Abe Martinez
        Assistant United States Attorney
        United States Attorney's Office
        Southern District of Texas
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        (713) 567-9349 (office)
        abe.martinez@usdoj.gov

Verification

I, Terry Boucher, a Special Agent employed by the Department of Homeland Security, Homeland Security Investigations (HSI), verify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts set forth in the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on this the ___11th___ day of October 2019.

Terry Boucher
Special Agent
Homeland Security Investigations

7